UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA MEMMER,

                    Petitioner,

                                        CASE NO. 2:14-CV-12793
v.                                      HONORABLE GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

                    Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Melissa Memmer, ("petitioner"), confined at the Women's Huron Valley Correctional Facility in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In her *pro se* application, petitioner challenges her conviction for first-degree murder, Mich. Comp. Laws § 750.316.[1]  For the reasons stated below, the petition for writ of habeas corpus is DENIED.

### I. Background

Petitioner was convicted following a jury trial in the Macomb County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

---

[1] Petitioner was convicted of first-degree premeditated murder and felony murder.  The trial court merged the two convictions into one count of first-degree murder and entered one sentence based on that count.

Defendant was previously convicted in 2004 of first-degree child abuse, MCL 750.136b(2), and assault with intent to commit murder, MCL 750.83, stemming from an incident that occurred on May 7, 2003, between her and the victim, who was two years of age at the time. After the victim died on December 26, 2009,[2] defendant was charged with first-degree premeditated murder and felony murder, resulting in the instant conviction and appeal.

*People v. Memmer,* No. 307488, 2013 WL 981079, * 1 (Mich.Ct.App. February 28, 2013).

Petitioner's conviction was affirmed on appeal. *Id.; lv. den.* 494 Mich. 885, 834 N.W.2d 495 (2013).

Petitioner seeks a writ of habeas corpus on the following ground:

The trial court reversibly erred in denying the defense request to instruct the jury as to the primary defense theory that the cause of death was grossly erroneous or grossly unskillful medical treatment, thereby violating Ms. Memmer's constitutional right to present her defense to the jury.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] The trial evidence indicated that defendant suffocated the victim. As a result, the victim suffered severe brain damage and was unable to swallow, eat, or walk, and required 24–hour care. He was fed through a feeding tube surgically implanted into his stomach and required medications to control seizures and his muscle tone. He also had additional surgeries to control saliva secretions and took medication in order to prevent saliva from aspirating into his lungs. (Footnote original).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

### III.  Discussion

### The jury instruction claim

Petitioner contends that the court erred in denying trial counsel's request for a jury instruction pertaining to CJI2d 16.16(4), which relates to improper medical treatment as an intervening superseding cause of death.  CJI2d 16.16 provides:

> (1) If the defendant unlawfully injured [name deceased] and started a series of events that naturally or necessarily resulted in [name deceased]'s death, it is no defense that:

[Choose one or more of (2), (3), or (4):]

(2) the injury was not the only cause of death.

(3) [name deceased] was already weak or ill and this contributed to [his / her] death.

(4) the immediate cause of death was medical treatment. It is a defense, however, if the medical treatment was grossly erroneous or grossly unskillful and the injury might not have caused death if [name deceased] had not received such treatment.

The Michigan Court of Appeals found that trial counsel waived this issue by agreeing to the instructions as given.

The record shows that defendant waived appellate review of this issue. Before closing arguments, the parties and the trial court discussed the jury instructions. The parties agreed that CJI2d 16.16(3), relating to an already weak or ill victim, was not applicable to the case and should not be read to the jury. The prosecutor objected to giving CJI2d 16.16(4), which related to grossly erroneous or grossly unskillful medical treatment. Defense counsel stated that he wanted subsection (4) because of the language regarding grossly erroneous or grossly unskillful medical treatment. The prosecutor argued that there had been no testimony regarding grossly erroneous or unskillful medical treatment.

Defense counsel conceded that he did not have "any evidence or testimony of gross[ly] erroneous medical treatment[.]" But he argued that "because of the lack of medical care that [the victim's] demise was brought upon substantially earlier than the predictions of any of the doctors that we do have the evidence in front of the jury about." He believed the instruction in subsection (4) was appropriate because "the death would not have occurred had [the victim] received the treatment that was otherwise necessary."

The trial court held that it would instruct on subsections (1) and (2), but not (3) or (4), because there was no "medical testimony whatsoever regarding medical treatment that was grossly erroneous or grossly unskilled. In fact, just the opposite." Defense counsel then withdrew his request for CJI2d 16.16 as a whole, stating "I think what I'll do then is withdraw the request in its entirety." The trial court granted the request to withdraw the entire instruction.

After discussing a different instruction, the prosecutor later returned to CJI2d 16.16 and asked the trial court to give subsections (1) and (2), arguing that the instruction clarified that if defendant "unlawfully injured [the victim] and

-4-

started a series of events that naturally or necessarily resulted in [the victim's] death[,]" then it would be "no defense that the injury was not the only cause of death.  And if there is any inference that perhaps something was, exasperated [sic], exasperated [sic] his death or sped it up, I mean, I think still it is no defense, and that that [sic] instruction should be employed." Defense counsel interjected, "no disrespect, your Honor, but I am going to have a problem with that."

DEFENSE COUNSEL: I think that leaving out the part on Number 4 only paints half the picture of what the instruction is supposed to be, and I think that the concern about the multiple cause of death is really alleviated in the intervening cause language on 16.15 which starts out with the language that it says there may be more than one cause of death.

PROSECUTOR: Right. 16.15 makes sense. There could be more than one cause of death, and then this clarifies how that might be the case. Yet [defendant] still would be guilty if they find that she did the conduct. And in 16.16 it gives the Court discretion, it says choose one or more of those different sentences.

TRIAL COURT: Well, then following [defense counsel's] statement then if I am going to give 16.16, I got to give 16.15.

PROSECUTOR: Right. I don't have any objection to 16.15.

DEFENSE COUNSEL: *Sounds like we have an agreement then.* Except you could really eliminate Number 3, the third paragraph, because there was no evidence that [the victim] was already weak or ill.

TRIAL COURT: I'm eliminating 3 and 4.

DEFENSE COUNSEL: *Very good.* [Emphasis added.]

After a recess, the trial court began arranging the order of the instructions to be read to the jury:

TRIAL COURT: And then 16.15, didn't we decide on 16.16?

DEFENSE COUNSEL: *Yes, sir. We were going to put in Paragraphs 1 and 2.* [Emphasis added.]

*Memmer,* 2013 WL 981079, * 1-2.

        The Michigan Court of Appeals concluded that by expressing satisfaction with the

instructions as given, defense counsel had waived appellate review of the instructions

as given. *Id.,* * 2.

The Michigan Court of Appeals further indicated that even if the issue was not waived, the trial court did not err in failing to give section 4 because petitioner failed to present any evidence that the victim's medical treatment was grossly erroneous or grossly unskillful:

> Here, defendant presented no evidence that inadequate medical treatment occurred or caused the victim's death. Rather, defense counsel focused on abuse or neglect in having "unfit" living conditions or poor parenting skills on the part of the victim's post-injury care provider, which are unrelated to medical treatment. In any event, an intervening cause defense only "applies to nonfatal wounds that the defendant could not anticipate would cause death," not to "an injury that is fatal." *People v. Herndon*, 246 Mich.App. 371, 400–401, 633 N.W.2d 376 (2001). "If thoroughly and extraordinarily incompetent medical care killed the victim, it would break the chain of causation, absolving the defendant of criminal liability." *Id.* at 400, 633 N.W.2d 376. Without medical intervention to resuscitate the victim, he would have died in 2003 after the initial injury because his heart had stopped. The immediate cause of the victim's death was pneumonia, to which he was extremely susceptible because of the brain damage caused by the injuries that defendant inflicted. Indeed, the testimony indicated that the victim lived as long as he did only because of the medical treatment and intervention that he received; his death was simply the culmination of the natural consequences flowing from the injury defendant inflicted in 2003. Finally, when evaluating a claim of jury instruction error, this Court reviews the trial court's instructions as a whole to determine whether they, even if imperfect, sufficiently protected the defendant's rights and fairly presented the issues to the jury. *People v. Dobek*, 274 Mich.App. 58, 82, 732 N.W.2d 546 (2007) (citations omitted). "Jury instructions must include all the elements of the offenses charged against the defendant and any material issues, defenses, and theories that are supported by the evidence." *People v. Dobek*, 274 Mich.App. 58, 82, 732 N.W.2d 546 (2007)(citation omitted). An instruction on a defense or theory should be given if it is supported by the evidence. *People v. Mills*, 450 Mich. 61, 81, 537 N.W.2d 909 (1995).
>
> The instructions as given sufficiently protected defendant's rights and fairly presented the issues to the jury. Defendant argued to the jury that an intervening cause was responsible for the victim's death because of the care he received after the injury. The instruction in CJI2d 16.15 directed the jury, consistent with defendant's theory of the case, that "[i]t is not enough that the defendant's act made it possible for the death to occur. In order to find that the death of [the victim] was caused by the defendant, you must find beyond

a reasonable doubt that the death was the natural or necessary result of the defendant's act."  The jury could not have found defendant guilty unless it concluded that the victim's death was "the natural or necessary result" of her actions, and not merely that defendant's actions made it possible for death to occur.

*People v. Memmer*, 2013 WL 951079, at *3-4.

Where a defendant's attorney expresses satisfaction with the trial court's handling of the matter, as was the case here, the claim of error regarding the issue is waived for appellate review. *See People v. Carter*, 462 Mich. 206, 219; 612 N.W. 2d 144 (2000).  Because the Michigan Court of Appeals relied on counsel's expression of approval of the jury instructions as given to reject petitioner's claim, the issue is procedurally defaulted. *See McKissic v. Birkett*, 200 Fed. Appx. 463, 471 (6th Cir. 2006).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence

-7-

that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Petitioner has offered no reasons for her failure to preserve the jury instruction issue.  Because petitioner has not demonstrated any cause for her procedural default, it is unnecessary to reach the prejudice issue. *Smith*, 477 U.S. at 533; *Harris v. Stegall*, 157 F. Supp. 2d 743, 750 (E.D. Mich. 2001).

Additionally, petitioner has not established that a fundamental miscarriage of justice has occurred.  The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup,* 513 U.S. at 326-27.  Because petitioner has not presented any new reliable evidence that she is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claim on the merits. *Harris v. Stegall,* 157 F. Supp. 2d at 751.

Finally, assuming that petitioner had established cause for her default, she would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because her claim would not entitle her to relief.  The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee*, 486 F. 3d 883, 891 (6th Cir. 2007).  For the reasons stated by the Michigan Court of Appeals in rejecting petitioner's claim on direct appeal and by the Assistant Michigan Attorney General in her answer to the petition for writ of habeas corpus, petitioner has failed to show that her procedurally defaulted claim has any merit.  In particular, the reasons justifying the denial of petitioner's procedurally defaulted claim were "ably articulated by the" Michigan Court of Appeals in rejecting petitioner's claim, thus, the issuance of a full written opinion" by this Court regarding this claim "would be duplicative and serve no

-8-

useful, jurisprudential purpose." *See e.g. Bason v. Yukins*, 328 Fed. Appx. 323, 324 (6th Cir. 2009).

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. **ORDER**

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: July 16, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 16, 2015, by electronic and/or ordinary mail and also on Melissa Memmer #489309, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

s/Barbara Radke
Deputy Clerk